UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           v.<br><br>EDWARD B. ELLIS,<br>           .<br>      Defendant | No. 89cr30018-MGM |

**GOVERNMENT'S MOTION TO CANCEL PRELIMINARY HEARING**

The United States of America, by Carmen M. Ortiz, United States Attorney for the District of Massachusetts, hereby moves to cancel the preliminary hearing scheduled for October 24, 2014, because the defendant is not in custody for violating a condition of supervised release.

**ARGUMENT**

The defendant is not entitled to a hearing under Fed. R. Crim. P. 32.1(b)(1) because he was not detained and is not in custody for his supervised release violation. Rule 32.1 provides, in pertinent part, "if a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Rule 32.1 was enacted to codify the constitutional right to a preliminary hearing recognized by the Supreme Court for certain parolees and probationers. *See e.g. Morrisey v. Brewer*, 408 U.S. 471 (1972).

A defendant who is arrested and released pending revocation proceedings is not entitled to the hearing because there is no ongoing infringement of his conditional liberty. *See United States v. Sciuto*, 531 F.2d 842, 844 (1976). Indeed, the drafters of Rule 32.1 made clear their intent to require a preliminary hearing only for detained defendants:

> If there is to be a revocation hearing but there has not been a holding in custody for a probation violation, there need not be a preliminary hearing. . . . Consequently, a preliminary hearing need not be held if the probationer . . . was arrested but obtained his release.

Fed. R. Crim P. 32.1(a)(1) Advisory Committee's note (1979).

Here, the court denied the government's request for detention and released the defendant. Therefore, the defendant is not in custody and not entitled to a preliminary hearing.

WHEREFORE, the government respectfully requests the court cancel the preliminary hearing and refer the case for a revocation hearing.

          Respectfully submitted,

          CARMEN M. ORTIZ
          UNITED STATES ATTORNEY

        By: /s/Karen L. Goodwin
          KAREN L. GOODWIN
          ASSISTANT UNITED STATES ATTORNEY
          300 State Street
          Springfield, MA 01105
Dated:  10/22/14      413-785-0269

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                               /s/Karen L. Goodwin
                                         _____
                                         Karen L. Goodwin
                                         Assistant United States Attorney

Date: October 22, 2014